B.J. McDANIEL, Jr. and Pamela
Chamrod McDaniel,
Petitioners,

v.

Tom YARBROUGH, Respondent.

No. 94–0098.

Supreme Court of Texas.

Argued Sept. 21, 1994.

Decided March 2, 1995.

Rehearing Overruled June 15, 1995.

Edmund L. Cogburn, George A. Rustay, P. Randall Crump, Houston, for petitioners.

Kathleen Hopkins Alsina, Vance J. Christopher, Houston, for respondent.

GAMMAGE, Justice, delivered the opinion of the Court, in which HIGHTOWER, CORNYN, SPECTOR and OWEN, Justices, join.

The primary question this case presents is whether the trial court abused its discretion by dismissing a juror as "disabled from sitting" when she asserted she was unable to return to the courthouse because of inclement weather. The court of appeals affirmed the trial court judgment, holding there was no abuse of discretion in determining that the juror was disabled from sitting on the jury. 866 S.W.2d 665. We conclude that a

weather-induced delay is not a "disability" and hold that the trial court abused its discretion in dismissing the juror. Consequently, we reverse the judgment of the court of appeals and remand the cause to the trial court for a new trial.

B.J. and Pamela McDaniel brought suit against Tom Yarbrough for damages arising out of an automobile collision. The case was tried before a jury from March 2 through March 5, 1992. Twelve jurors were selected, impaneled, and sworn on March 2. The jury heard opening statements and evidence on March 3. On the afternoon of March 3, the trial judge determined that juror Robert David Hogan, a minister, would be permitted to officiate a funeral service the following morning, and at the conclusion of the day's proceedings announced that trial would recess until the following afternoon to allow Hogan to conduct the funeral. The judge instructed the jury panel to reconvene at 1:00 p.m. on March 4.

Upon reassembling the court the next day, the judge announced that juror Shirley Seals had notified the court that because of heavy flooding she would be unable to return that afternoon. The trial court, *sua sponte*, dismissed Seals from further participation and ordered that the trial proceed with eleven jurors. The judge overruled the McDaniels' objection to Seal's dismissal. The trial continued with eleven jurors. On March 5, the jury returned a 10–1 verdict finding Yarbrough 70% negligent, but awarding zero damages to the McDaniels. The court of appeals affirmed, holding that the trial judge did not abuse his discretion in dismissing Seals from sitting on the jury as disabled when she was temporarily unable to return to the courthouse because of heavy rain. The court of appeals concluded that a "mental or physical disability is not the only type of disability that will justify a dismissal of a juror," and held that a temporary delay because of the weather is a "disability."

## I.

■ Yarbrough first asserts the McDaniels failed to preserve their complaint of the

trial court's dismissal of Seals. To preserve error, an objection must state the specific grounds for the desired ruling if those grounds are not apparent from the context of the objection. Tex.R.App.P. 52(a). An objection is sufficient to preserve error for appeal if it allows the trial judge to make an informed ruling and the other party to remedy the defect, if he can. *McKinney v. Nat'l Union Fire Ins. Co.*, 772 S.W.2d 72, 74 (Tex. 1989). In this case, the McDaniels' objection to improper dismissal of Seals was raised with the trial court and the grounds for the McDaniels' objection were apparent from the context of the record. Upon dismissing Seals, the trial judge stated:

> Let the record reflect that Shirley Seals, Juror No. 7 on the panel, has reported to the Court that because of the weather she is unable to get back, so we could resume the trial in this case. And pursuant to the provisions of Rule 292, the Court on its own motion has decided to go ahead and proceed with 11 jurors.

The trial court, on its own motion, dismissed Seals "pursuant to the provisions of Rule 292." The McDaniels' attorney immediately objected to the trial court's decision to dismiss Seals. The McDaniels' objection gave sufficient notice to the trial court that Seals was not "disabled from sitting" within the context of Rule 292. The objection suggested the proper remedy was not disqualification, but a further recess to allow the juror to return.

## II.

■ The Texas Constitution and Texas Rules of Civil Procedure require that a district court jury consist of twelve members unless not more than three jurors die or "be disabled from sitting." *See* Tex. Const. art. V, § 13; Tex.R.Civ.P. 292.

In *Houston & Texas Central Ry. Co. v. Waller*, 56 Tex. 331 (1882), this Court set out guiding principles for defining "disabled from sitting" under the Texas Constitution.[1]

---

1. *Waller* was decided over one-hundred years ago, before various procedural changes. For example, when *Waller* was decided, jury deci-

sions had to be unanimous, but civil cases today may be determined by a 10–2 verdict. Tex. R.Civ.P. 292; *see Waller*, 56 Tex. at 336. More-

While trial courts have broad discretion in determining whether a juror is "disabled from sitting" when there is evidence of constitutional disqualification, a trial court may not ignore the constraints established in *Waller*. The *Waller* opinion equates "disabled from sitting" with an actual physical or mental incapacity:

> [W]ithout deeming it proper to attempt to define fully the meaning of the expression used in the constitution, we are satisfied that the causes which disable the juror from sitting, and justify the extreme course of allowing, over a party's objection, a verdict to be rendered by the remainder of the jury, must be of a nature more directly showing his physical or mental incapacity than mere mental distress occasioned by the sickness of others, and the feeling that duty to the sick demanded his presence elsewhere. Extreme cases of the kind, however strongly they may appear to the court to release the juror, do not belong to the class provided for by the constitution or statute. *Id.* at 337–38.

No evidence of record suggests that Seals became "disabled from sitting" within the constitutional meaning as explained in *Waller*. She was not mentally incompetent or sick, nor did she have some other physical or mental incapacity. On the contrary, she was temporarily detained by flooding caused by heavy rain, which is at most a transient physical barrier. Her dismissal from the jury as "disabled" was improper.

### III.

■ The test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles or whether the act was arbitrary and unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985). In this case, the trial judge delayed the trial by one-half day to accommodate one juror, but refused to give similar accommodation to another juror who was temporarily delayed by

over, alternate jurors now may, prior to the time the jury retires to consider its verdict, replace jurors who become unable to perform their duties. Tex.Gov't Code Ann. § 62.020 (1988). Such procedural modifications, however, do not alter the definition of "disabled from sitting" set

flooding. By recessing in the morning to accommodate Hogan, the trial judge's decision may have affected Seals' inability to appear at the courthouse in the afternoon. As a matter of law, the circumstances did *not* give rise to a question of disability under the constitution or Rule 292. A clear failure by a trial court to analyze or apply the law correctly is an abuse of discretion. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992).

■ Denial of the constitutional right to trial by jury constitutes reversible error. *See Heflin v. Wilson*, 297 S.W.2d 864, 866 (Tex.Civ.App.—Beaumont 1956, writ ref'd). Depriving the McDaniels of a full jury of twelve members, absent an exception authorized by the constitution or applicable rules, is a denial of the right to jury trial guaranteed by the Texas Constitution. The trial court abused its discretion in dismissing Seals as "disabled from sitting" because it was clear error to apply that provision in the absence of some physical or mental disability.

For the foregoing reasons, we reverse the judgments of the court of appeals and the trial court and remand this cause to the trial court for further proceedings consistent with this opinion.

GONZALEZ, Justice, joined by PHILLIPS, Chief Justice, HECHT and ENOCH, Justices, dissenting.

The Court today misconstrues precedent in reversing and remanding for new trial a case in which an eleven-member jury found that the plaintiffs had no damages. The Court reaches this conclusion by holding that the trial court erred in excusing a juror who was physically unable to return to the courthouse. Because I think that the trial court did not err, much less deprive the McDaniels of a constitutional right, I would affirm the judgment of the court of appeals.

In this case, on March 4, 1992, the twelfth juror, Shirley Seals, notified the trial court

forth in *Waller*. Although a unanimous verdict is no longer required and alternate jurors are available, a jury still must consist of twelve members unless not more than three jurors "die or be disabled from sitting." Tex.R.Civ.P. 292.

after a morning's recess that she was unable to reach the courthouse to report for jury duty because of heavy flooding in Houston, Texas. On this particular day, the flooding of White Oak Bayou near downtown Houston, where the courthouse is located, was widely reported in the media. Interstate 10 was closed to traffic from downtown to several miles west, due to flooding which trapped hundreds of vehicles in ten feet of water.[1] Given these travel conditions, the trial court certainly would have understood Juror Seals' assertion that she **could not** make it to the courthouse to be an honest statement of inability. Moreover, no one could have known how long the flooding which prevented her attendance would continue. By contrast, the facts known to the trial court were quite different when it recessed the trial the morning of March 4th for Juror Hogan to officiate a funeral. As the court of appeals noted, the trial court had advance warning of the exact amount of time—one morning—necessary to recess in order to accommodate Juror Hogan's conflict. 866 S.W.2d 665, 670. In temporarily recessing one time, the trial court did not establish a rule in favor of continuances. Because the information about the two jurors' inability to attend the proceedings differed significantly, the trial court's decision to grant the morning recess for Juror Hogan did not control its later decision to excuse Juror Seals. When all the jurors but one were present and ready to resume proceedings the afternoon of March 4th, the most efficient course was to excuse the twelfth juror and get on with the trial. There is no basis for the McDaniels' suggestion that the trial court did not care whether Juror Seals attended the trial or that it valued her presence less than that of any other juror.

In my opinion, the trial court did not err in excusing Juror Seals and continuing the trial with eleven jurors. This decision was within its discretion. *See Southern Pac. Transp. Co. v. Peralez*, 546 S.W.2d 88, 97 (Tex.Civ. App.—Corpus Christi 1976, writ ref'd n.r.e.) (finding no abuse of discretion in a trial court excusing a juror whose ill family member

caused her worry and made her "unable to serve as a juror"). The Court itself errs by failing to employ the correct standard to review a trial court's management of proceedings within the courtroom—to determine whether the lower court acted without reference to any guiding principles. *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297, 298 (Tex.1986); *Brandon v. Schroeder*, 141 Tex. 319, 172 S.W.2d 488, 491 (1943). Under an abuse of discretion standard of review, an appellate court may not substitute its judgment for that of the trial court even if it would have reached a contrary result. *See Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex.1991). The Court justifies its overreaching review by asserting that its opinion corrects an error of constitutional magnitude. I disagree.

Article V, Section 13 of the Texas Constitution states:

> Grand and petit juries in the District Court shall be composed of twelve men. . . . In trials of civil cases . . . nine members of the jury, concurring, may render a verdict. . . . When, pending the trial of any case, one or more jurors not exceeding three, may die, or be disabled from sitting, the remainder of the jury shall have the power to render the verdict.

Rule 292 of the Texas Rules of Civil Procedure substantially repeats the constitutional provision, as follows:

> A verdict may be rendered in any cause by the concurrence . . . of the same ten members of an original jury of twelve. . . . However, where as many as three jurors die or be disabled from sitting and there are only nine of the jurors remaining of the original jury of twelve, those remaining may render and return a verdict.

Juror Seals was unable to reach the courthouse in the city of Houston due to "some of the worst flooding in its history." 866 S.W.2d at 670 n. 1. The issue is whether Juror Seals was thus "disabled from sitting" within the meaning of Article V, Section 13 and Rule 292. For the reasons discussed

---

**1.** Susan Warren, *Damage Put at a Soggy $50 Million*, HOUS.CHRON., Mar. 6, 1992, at A1; *see* Deborah Tedford, *Who'll Stop the Rain?*, HOUS.

CHRON., June 22, 1993, at A13 (referring to the flooding of White Oak Bayou in March, 1992).

below, I conclude that she was. Consequently, the trial and verdict rendered by the eleven-member jury fulfilled the McDaniels' constitutional right to trial by jury. The Court's holding to the contrary is based on a mistaken application of a case decided in 1882, *Houston & Central Ry. v. Waller*, 56 Tex. 331.

In *Waller*, the trial court excused a juror on the ground that the distress occasioned by a sick child disabled him from sitting on the jury. *Id.* at 337. The *Waller* Court held that the trial court committed reversible error when it excused the juror for "mere distress of mind." *Id.* This was *Waller*'s **sole holding** with regard to Article V, Section 13. The case stated that a juror who suffered physical prostration or a loss of mental powers would meet Article V, Section 13's requirement of "disabled from sitting." *Id.* A line of cases following *Waller* assumed that the "disabled from sitting" provision refers solely to a juror's physiological or psychological condition. *See, e.g., Daniels v. Southwestern Transp.*, 621 S.W.2d 188, 191 (Tex.Civ.App.—Texarkana 1981, no writ) (excusing a juror with a heart ailment); *Dickson v. J. Weingarten, Inc.*, 498 S.W.2d 388, 391 (Tex.Civ.App.—Houston [14th Dist.] 1973, no writ) (stating that a juror may be legally "disabled from sitting" due to illness, mental disability, misconduct, or drunkenness); *Marvin Drug Co. v. Couch*, 134 S.W.2d 356, 362 (Tex.Civ.App.—Dallas 1939, writ dism'd judgmt. cor.) (dismissing a juror because the trial judge determined he was not of sound mind); *Sunset Wood Co. v. Broadnax*, 136 S.W. 487, 488 (Tex.Civ.App.—San Antonio 1911, writ ref'd) (excusing a juror who became insane); *Routledge v. Elmendorf*, 54 Tex.Civ.App. 174, 116 S.W. 156, 160–61 (San Antonio 1909, writ ref'd) (rather than waiting for a drunken juror to become sober, excusing him because his drunkenness made him incapable of understanding the trial).

However, *Waller* did not specify all the conditions or circumstances that would render a juror "disabled from sitting." *See Waller*, 56 Tex. at 337. The opinion instead articulated the following test for determining when a juror can be excused:

[T]he causes which disable the juror from sitting, and justify the extreme course of allowing … a verdict to be rendered by the remainder of the jury, must be of a nature more directly showing his **physical or mental incapacity** than mere mental distress. …

*Id.* at 337–38 (emphasis added). This test did not foreclose a construction of "physical … incapacity" that contemplates a trial judge excusing a juror who is physically incapable of getting herself to the courtroom. *See, e.g., Remuda Oil & Gas Co. v. Nobles*, 613 S.W.2d 312, 314 (Tex.Civ.App.—Fort Worth 1981, no writ) (holding that the trial court did not abuse its discretion in excusing an elderly juror who was unable to drive in icy road conditions). It is not *Waller* but this Court today that "equates 'disabled from sitting' with an actual physical or mental incapacity." 898 S.W.2d at 253. *Waller* does not compel this narrow construction of the Constitution.

Article V, Section 13 and Rule 292 allow a juror to be excused for "illness, mental disability, misconduct, drunkenness or **other facts**." *Berry Property Management, Inc. v. Bliskey*, 850 S.W.2d 644, 652–53 (Tex.App.—Corpus Christi 1993, writ dism'd by agr.) (holding that the trial court did not abuse its discretion in dismissing a juror for pro-defendant bias which arose during trial); *see Peralez*, 546 S.W.2d at 97 (finding no error in the trial court excusing a juror unable to serve because she was worried about an ill family member). Early in this century, courts began to recognize that *Waller*'s dicta suggesting a narrow construction of "disabled from sitting" infringes on trial courts' discretion to manage trials and juries. *See, e.g., Schebesta v. Stewart*, 37 S.W.2d 781, 783 (Tex.Civ.App.—Fort Worth 1930, writ dism'd) (excusing a juror who showed signs of physical illness after receiving news that a family member was very sick); *Barker v. Ash*, 194 S.W. 465, 466–67 (Tex.Civ.App.—Dallas 1917, writ denied) (excusing a juror whose child was seriously ill on the ground that the juror was incapable of giving his best attention to the case), *discussed in* Recent Case, 10 Tex. L.Rev. 117, 117–18 (1932) (comparing *Barker* to *Waller*, and approving the result in *Barker*).

The term "disabled" in Article V, Section 13 is not a mere euphemism for a "handicapped" or a "crippled" juror who cannot fulfill her role **despite** bodily presence in the jury box. "Disabled" encompasses physical or mental incapacity, but also any other condition or circumstance that renders a person incapable of fulfilling the function of a juror. Inability to physically attend the proceedings is one circumstance that will make a juror incapable of fulfilling her function. The statutory exemptions from jury service reflect a recognition that other conditions and circumstances make persons incapable of effectively performing a juror's function. See TEX.GOV'T CODE §§ 62.105–06. Also, if a juror dies, Article V, Section 13 allows the remainder of the jury to render a verdict. This provision, like the "disabled from sitting" provision, illustrates a pragmatic aspect of the right to jury trial under the Constitution. For practical reasons, in civil cases Article V, Section 13 authorizes a trial to continue even if some exigency renders a juror physically unable to attend proceedings. As the commentators to Article V, Section 13 concluded:

> Prior to the present constitution, if a regular juror died, or became ill, or **for any other reason was unable to serve,** it necessitated a retrial. In view of the fact that retrials were expensive . . . it was felt imperative to prevent delay and additional costs that a trial could continue without the juror.

TEX. CONST. art. V, § 13 interp. commentary (Vernon 1993) (emphasis added).

*Waller* was decided when a procedural statute required unanimous jury verdicts. When enacted, Article V, Section 13 approved verdicts based on the concurrence of at least nine jurors' votes. See TEX. CONST. art. V, Section 13, *reprinted in* 8 H.P.N. GAMMEL, LAWS OF TEXAS 779, 804 (1878). Article V, Section 13 also authorized the Legislature to specify if less than all the members of the jury could render a verdict. See *id.* (stating that "the Legislature may change or modify the rule authorizing less than the whole number of the jury to render a verdict"). In 1876, the Legislature passed a statute in accordance with this constitutional provision that required jury verdicts to be

**unanimous.** *See Bowen v. Davis,* 48 Tex. 101, 102 (1877) (citing Act of Aug. 1, 1876, 15th Leg., R.S., ch. 76, § 19, 1876 Tex.Gen. Laws 78, 82, *reprinted in* 8 H.P.N. GAMMEL, LAWS OF TEXAS 835, 918 (1878)). This statute was in effect at the time of *Waller.* See *Waller,* 56 Tex. at 336. Thus, given the unanimity requirement imposed by statute, the *Waller* Court's trouble with the trial court's dismissal of a juror was that it potentially affected the outcome of the entire trial. Had the juror in *Waller* remained on the panel and voted against the plaintiff, the one vote would have precluded a verdict for the plaintiff. In short, because of the unanimous verdict requirement, the presence or absence of a single juror could be dispositive. In 1973, this Court, pursuant to its rulemaking power under TEX.GOV'T CODE § 22.004, changed the requirement of juror unanimity to allow ten-to-two jury verdicts. *See* TEX. R.CIV.P. 291–92 historical notes (Vernon 1977). Therefore, the rules of procedure no longer require that "all members of the jury" concur in the verdict. See TEX.R.CIV.P. 291–292.

I conclude that this change made the concerns animating *Waller* obsolete. The Constitution and the rules of procedure are now in accord that "a less than unanimous verdict" suffices. Because unanimity among the jurors is no longer required, one single vote **cannot be dispositive.** In the present case, if Juror Seals had been present on the panel, her vote could not affect the outcome of the plaintiffs' trial. The Court makes a considerable leap when it equates the McDaniels' eleven-member jury with "denial of the constitutional right to trial by jury." 898 S.W.2d at 253. Under the present rules of procedure permitting judgments rendered upon ten-to-two verdicts, and in the absence of a statute requiring juror unanimity, I cannot agree with the Court's *Waller*-era holding that an eleven-member jury is equivalent to no jury at all.

One could speculate about the result if Juror Seals had not been excused. She might have decided that the McDaniels were entitled to greater than zero damages, and she might have persuaded two other jurors to her point of view. In this scenario no

valid verdict could have been rendered. *See* Tex.R.Civ.P. 292. However, to constitute reversible error, this Court must find that the McDaniels' alleged denial of their rights was reasonably calculated to cause and probably did cause rendition of an improper judgment. Tex.R.App.P. 81(b)(1). Speculation about what Juror Seals might have concluded and persuaded other jurors of in this trial does not meet the standard.

For the foregoing reasons, I would hold that the trial court did not infringe upon the McDaniels' constitutional right to jury trial by excusing Juror Seals from the panel and rendering judgment based on an eleven-member jury verdict. I would affirm the judgment of the court of appeals.