**John David FIORE, Appellant,**

v.

**Katherine Ruth FIORE, and Curtis and Ruth Smith, Appellees.**

No. 2–96–185–CV.

Court of Appeals of Texas, Fort Worth.

April 24, 1997.

Rehearing Overruled June 19, 1997.

Law Office of Holly Crampton, and Holly Crampton, Wichita Falls, for Appellant.

Verner & Brumley, P.C., and Jimmy L. Verner, Jr., Dallas, for Appellee.

Before CAYCE, C.J., and DAUPHINOT and BRIGHAM, JJ.

## OPINION

CAYCE, Justice.

This is an appeal from a hotly contested divorce and custody case. In five points of error, John David Fiore alleges that the trial court erred (1) in denying his motion for mistrial after the trial court dismissed a juror on the ground that the juror informed the court that she was prejudiced against John and could not render a fair and impartial verdict; (2) in proceeding with eleven jurors in violation of John's right to a twelve-person jury under Article V, Section 13 of the Texas Constitution; (3) in refusing to declare a mistrial on the ground that the prejudiced juror communicated the basis for her prejudice against John to other jurors; (4) in denying the motion for mistrial because the prejudiced juror concealed true answers to voir dire questions, denying John the opportunity to make meaningful strikes; and (5) in striking John's cause of action against Katherine for breach of fiduciary duty. Because we find that the trial court erred in failing to grant John's motion for mistrial, we reverse and remand for a new trial.

John and Katherine married in 1979 and had three children. They separated in 1993. John filed for divorce and alleged a cause of action for breach of fiduciary duty against Katherine and her parents. Katherine countersued, alleging that John committed adultery and physically abused both her and the children. Katherine later filed special exceptions to John's breach of fiduciary duty claim, which the trial court granted.

The trial began on September 18, 1995, continued through September 22, and was recessed until October 2. Before testimony resumed on October 2, juror Patsy Martin spoke with the court and counsel outside the presence of the other jurors and stated that she had developed an extreme prejudice against John because he closely resembled her ex-son-in-law, who had committed adultery while married to Ms. Martin's daughter. When Ms. Martin was asked if she could be fair and impartial in light of the fact that she

had not yet heard all the evidence, she said "no." Ms. Martin told the court she had discussed her daughter's divorce with other jurors, but did not tell the other jurors about her prejudice against John.

Ms. Martin also showed the court a rash on her arms and claimed that the rash was "nerves" caused by her prejudice against John. She said her arms and hands itched, and she could not help but scratch and "claw" her skin.

The trial court determined that Ms. Martin was disqualified due to her prejudice,[1] and dismissed her. John immediately made a motion for a mistrial, which the court denied. Over John's objection, the court continued the trial with the remaining eleven jurors.

In his first and second points of error, John contends that the trial court erred in denying his motion for mistrial because Ms. Martin's prejudice against John did not render her "disabled" within the meaning of the Texas Constitution and Rule 292 of the Texas Rules of Civil Procedure. John contends that continuing the trial with eleven jurors in the absence of an agreement between the parties denied him the constitutional right to trial by jury.

A trial court's denial of a motion for mistrial is reviewed under an abuse of discretion standard. *In re M.R.*, 846 S.W.2d 97, 103 (Tex.App.—Fort Worth 1992), *writ denied per curiam*, 858 S.W.2d 365 (Tex.1993), *cert. denied*, 510 U.S. 1078, 114 S.Ct. 894, 127 L.Ed.2d 87 (1994). A court abuses its discretion if it acts without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). If the trial court has abused its discretion, the reviewing court must then determine whether the trial court's error, if any, "was reasonably calculated to cause and probably did cause rendition of an improper judgment in the case." *See* TEX. R. APP. P. 81(b)(1).

---

1. TEX. GOV'T CODE ANN. § 62.105(4) (Vernon Supp.1997) provides:

A person is disqualified to serve as a petit juror in a particular case if he:

(4) has a bias or prejudice in favor of or against a party in the case....

*Id.*

Article V, Section 13 of the Texas Constitution and Rule 292 of the Texas Rules of Civil Procedure require that a district court jury consist of twelve members unless not more than three jurors die or are "disabled from sitting." *See* TEX. CONST. art. V, § 13; TEX.R. CIV. P. 292; *see also McDaniel v. Yarbrough*, 898 S.W.2d 251, 252 (Tex.1995). Section 62.201 of the Texas Government Code provides that in district courts a civil jury is composed of 12 persons, "except that the parties may agree to try a particular case with fewer than 12 jurors." TEX. GOV'T CODE ANN. § 62.201 (Vernon 1988).

In the instant case, there was no agreement between the parties to proceed with eleven jurors. We must, therefore, decide whether a juror's prejudice against a party renders that juror "disabled from sitting" under the provisions of the Texas Constitution and Rule 292.

█ The seminal case discussing the meaning of "disabled from sitting" is *Houston & Tex. Cent. Ry. v. Waller*, 56 Tex. 331 (1882). In that case, the trial court dismissed a juror who was upset because a member of the juror's family was ill, and the trial continued with only eleven jurors. In reversing the trial court, the supreme court opined:

> If a juror becomes so sick as to be unable to sit longer, he is plainly disabled from sitting. If by reason of some casualty or otherwise he is physically prostrated, so as to be wholly incapable of sitting as a juror, or loses his mental powers, so as to become insane or idiotic, then too he would be disabled from acting as a juror. But, without deeming it proper to attempt to define fully the meaning of the expression used in the constitution, we are satisfied that *the causes which disable the juror from sitting,* and justify the extreme course of allowing, over a party's objection, a verdict to be rendered by the remainder of the jury, *must be of a nature more directly showing his physical or mental incapacity than mere mental distress occasioned by the sickness of others, and the feeling that duty to the sick demanded his presence elsewhere.*

*Id.* at 337–38 (emphasis supplied) (citation omitted). Thus, the supreme court in *Waller* equated "disabled from sitting" with an actual physical or mental incapacity. This rule remains the law today. *See McDaniel,* 898 S.W.2d at 253 (citing *Waller* with approval).

More recently, the First Court of Appeals held that under *Waller* a juror who is disqualified due to bias or prejudice is *not* "disabled from sitting" as contemplated by the Texas Constitution and Rule 292. *City of Jersey Village v. Campbell,* 920 S.W.2d 694, 698 (Tex.App.—Houston [1st Dist.] 1996, writ denied). The First Court of Appeals reasoned that "a juror's bias or prejudice cannot be equated with a total loss of mental powers such that a trial court would be justified in dismissing a juror and proceeding with a trial without the parties' permission." *Id.* The court of appeals held that when a trial court dismisses a juror who is not "disabled," and there is no agreement to proceed with eleven jurors, it is an abuse of discretion to deny a motion for mistrial. *Id.*

Katherine contends that *City of Jersey Village* can be distinguished from the instant case because Ms. Martin was physically incapacitated by the skin rash. However, we find no evidence in the record showing that Ms. Martin's skin rash rendered her incapable of sitting. Furthermore, the record shows that the trial court dismissed Ms. Martin because "[c]learly . . . [she] is disqualified here as a matter of law with her prejudice toward [John] in this matter." The trial court gave no other reasons for the dismissal, and neither of the parties urged that she be dismissed due to physical incapacity.

█ We hold that the trial court abused its discretion and denied John his constitutional right to trial by jury when, after dismissing Ms. Martin for bias, it denied John's motion for mistrial and continued the trial with eleven jurors over John's objection.

█ The denial of a party's constitutional right to trial by jury constitutes per se reversible error. *McDaniel,* 898 S.W.2d at 253. Therefore, we sustain points of error one and two. Having found that the trial court erred in failing to declare a mistrial, we need not reach John's other points.

We reverse the judgment of the trial court and remand the case for a new trial.