**Mollie SOWARDS and G.A. Sowards, Appellants,**

v.

**Hector O. YANES, M.D., Appellee.**

**No. 2–96–333–CV.**

Court of Appeals of Texas, Fort Worth.

Oct. 30, 1997.

Rehearing Overruled Dec. 4, 1997.

certain movements, he never stated that he had sustained a head injury.

Bill Liebbe, Law Offices of Bill Liebbe, Dallas, for appellants.

Max E. Freeman, II, M. Steve Nagle, and Karen E. Woodward, Gwinn & Roby, Dallas, for appellee.

Before DAY, DAUPHINOT and HOLMAN, JJ.

## OPINION

DAY, Justice.

This is an appeal from a medical malpractice case. In four points, Appellants Mollie and G.A. Sowards allege that the trial court erred (1) in overruling their objection to the trial court's finding that juror Christopher Obregon was "disabled from sitting" under Rule 292 of the Texas Rules of Civil Procedure, (2) in denying their motion for mistrial, (3) in proceeding with the trial in violation of their right to a twelve-person jury under article V, section 13 of the Texas Constitution, and (4) in denying their motion for a new trial. Because we find that the trial court erred in overruling the Sowards' objection, in failing to grant their motion for mistrial, and in continuing the trial with only eleven jurors, we reverse and remand for a new trial.

### FACTS

Mollie and G.A. Sowards sued Hector O. Yanes, M.D., claiming that Yanes negligently operated on the wrong artery during Mollie's coronary artery bypass surgery. The case was called to trial July 30, 1996. On July 31, 1996, after empaneling the jury and hearing evidence from the Sowards, the trial court received notice from juror Christopher Obregon that his grandfather was hospitalized with an E-coli infection. Obregon told the trial judge that his grandfather was not expected to live and might even die that day. The trial judge questioned Obregon about his ability to continue as a juror in the case:

> THE COURT: All right. Is this circumstance going to or not going to interfere with your ability to listen to and understand and pay attention to the evidence that you are hearing?
>
> MR. OBREGON: It'll distract me.
>
> THE COURT: I mean, is that a, yes, it is going to interfere, or it is not going to interfere?
>
> MR. OBREGON: Yes, sir.
>
> THE COURT: All right. Are you telling me that you don't think that you can pay attention due to the problem that has developed?
>
> MR. OBREGON: Yes.

Based on Obregon's responses and relying on *Barker v. Ash*, a 1917 Dallas Court of Appeals case, the trial judge found that Obregon was "disabled from sitting" under

Rule 292 and dismissed him. *See* TEX.R. CIV. P. 292; *Barker v. Ash*, 194 S.W. 465, 467 (Tex.Civ.App.—Dallas 1917, writ ref'd) (court did not err in dismissing juror as disabled where he would be preoccupied by thoughts of his sick child). Specifically, the trial judge stated that Obregon was disabled under Rule 292 because he would be unable to pay attention to the evidence. He also compared Obregon's distracted mental state to being intoxicated, ill, or insane.

Counsel for both sides objected to the trial court's finding that Obregon was disabled from sitting and the Sowards moved for a mistrial, which was denied. The case proceeded and an eleven-member jury found in favor of Yanes. The Sowards thereafter filed a motion for a new trial, which was also denied.

## CONSTITUTIONAL DISABILITY

In their first point, the Sowards contend that the trial court erred by overruling their objection to the court's finding that Obregon was "disabled from sitting" under the Texas Constitution and Rule 292. Next, they argue that the court should have granted their motion for mistrial after Obregon was dismissed. Third, they assert that continuing the trial with only eleven jurors denied them their constitutional right to a trial by jury.

### A. Standard of Review

■ A trial court's denial of a motion for mistrial is reviewed under an abuse of discretion standard. *See In re M.R.*, 846 S.W.2d 97, 103 (Tex.App.—Fort Worth 1992), *writ denied*, 858 S.W.2d 365 (Tex.1993), *cert. denied*, 510 U.S. 1078, 114 S.Ct. 894, 127 L.Ed.2d 87 (1994). A court abuses its discretion if it acts without reference to any guiding rules and principles or is arbitrary and unreasonable. *See McDaniel v. Yarbrough*, 898 S.W.2d 251, 253 (Tex.1995); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). However, merely because a trial court decides a matter within its discretion differently than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion occurred. *See Downer*,

701 S.W.2d at 241–42. Thus, where the issue involves a factual question or a matter committed to the trial court's discretion, the reviewing court may not substitute its judgment for that of the trial court. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992); *Flores v. Fourth Court of Appeals*, 777 S.W.2d 38, 41–42 (Tex.1989).

However, where the legal principles controlling the trial court's ruling are in issue, appellate review is much less deferential. A trial court has no discretion in determining what the law is or in applying the law to the facts. *See Walker*, 827 S.W.2d at 839–40. Consequently, when a trial court clearly fails to analyze or apply the law correctly, an abuse of discretion occurs. *See McDaniel*, 898 S.W.2d at 253; *Walker*, 827 S.W.2d at 840.

### B. Analysis

■ Article V, section 13 of the Texas Constitution and Rule 292 of the Texas Rules of Civil Procedure require that a district court jury consist of twelve members unless not more than three jurors die or are "disabled from sitting." *See* TEX. CONST. art. V, § 13; TEX.R. CIV. P. 292; *see also McDaniel*, 898 S.W.2d at 252. But a civil jury may be composed of fewer than twelve jurors if all the parties consent. *See* TEX. GOV'T CODE ANN. § 62.201 (Vernon 1988). In the instant case, the parties did not agree to proceed with eleven jurors. We must therefore decide whether an illness in the family renders a juror "disabled from sitting" under the provisions of the Texas Constitution and Rule 292.

More than a century ago, the Supreme Court of Texas discussed the meaning of "disabled from sitting" in a case similar to the one before us today. In *Houston & Texas Central Railway Co. v. Waller*, the trial court dismissed a juror because his child was ill and continued the trial with only eleven jurors. *See Houston & Texas Central Ry. Co. v. Waller*, 56 Tex. 331, 336–37 (1882). The Supreme Court of Texas reversed, stating:

Our opinion is that a juror is not "disabled from sitting" within the meaning of

the constitution by mere distress of mind. Such distress, caused by information of sickness in his family, calling for his presence at home, might be a sufficient cause for suspending the progress of the trial, if in the judgment of the court the emergency required such a course. But this is not the character of disability which the constitution classes side by side with death. If a juror becomes so sick as to be unable to sit longer, he is plainly disabled from sitting. If by reason of some casualty or otherwise he is physically prostrated, so as to be wholly incapable of sitting as a juror, or loses his mental powers, so as to become insane or idiotic, then too he would be disabled from acting as a juror. But, without deeming it proper to attempt to define fully the meaning of the expression used in the constitution, we are satisfied that the causes which disable the juror from sitting, and justify the extreme course of allowing, over a party's objection, a verdict to be rendered by the remainder of the jury, *must be of a nature more directly showing his physical or mental incapacity than mere mental distress occasioned by the sickness of others, and the feeling that duty to the sick demanded his presence elsewhere.*

*Id.* at 337–38 (emphasis added) (citation omitted). The Supreme Court of Texas recently reaffirmed the *Waller* decision, holding, "[w]hile trial courts have broad discretion in determining whether a juror is 'disabled from sitting' when there is evidence of constitutional disqualification, a trial court may not ignore the constraints established in *Waller*." *See McDaniel,* 898 S.W.2d at 253.

■ Thus, when there is evidence that a juror is *actually* physically or mentally disabled, it is wholly within the discretion of the trial court to determine whether that juror's impediment will prevent him from serving on the jury. In that instance, the juror may be dismissed and the trial may continue. However, *Waller* specifically states that an illness in the family is not a constitutional disqualification that will allow the trial to continue after the juror's dismissal. *See Waller,* 56 Tex. at 336–37. Thus, under the circumstances of this case, Obregon was not "dis-

abled from sitting" under the Texas Constitution or Rule 292. *See id.*

■ For this reason, we find that the trial court abused its discretion when it determined that Obregon was disabled under Rule 292 and failed to grant the Sowards' motion for mistrial. Further, we hold that the Sowards were denied their right to a trial by jury when the trial court continued with only eleven jurors.

■ We must now decide whether the trial court's failure to grant the Sowards' motion for mistrial constitutes reversible error. In *McDaniel,* the Supreme Court of Texas ruled that denial of a party's constitutional right to trial by jury constitutes per se reversible error. *See McDaniel,* 898 S.W.2d at 253; *see also Fiore v. Fiore,* 946 S.W.2d 436, 438 (Tex.App.—Fort Worth 1997, writ requested); *City of Jersey Village v. Campbell,* 920 S.W.2d 694, 698 (Tex.App.—Houston [1st Dist.] 1996, writ denied). Therefore, we sustain the Sowards' first, second, and third points. In light of our holding with regard to these points, we need not reach the Sowards' fourth point.

We reverse the judgment of the trial court and remand the case for a new trial.