**Motion Denied and Order filed October 28, 2021**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-21-00404-CV
_____

### KHERA INTEREST, INC., Appellant

### V.

### WILMINGTON TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE OF THE MFRA TRUST 2015-1, Appellee

---

**On Appeal from the 151st District Court
Harris County, Texas
Trial Court Cause No. 2020-11448**

---

### ORDER

Before this court is appellant's motion to modify a supersedeas bond. We deny the motion.

This appeal concerns the status of a mortgage lien held by appellee on real property (the "Property") to which appellant has the title. On May 25, 2021, the trial court entered a final order granting declaratory relief to appellee and holding

appellant's title to the Property was subject to appellee's mortgage lien. The order did not itself specify the mortgage lien's value or amount.

After this appeal began, appellee placed the Property on a non-judicial foreclosure list and scheduled it for a September 7, 2021 foreclosure. Before the Property could be foreclosed on, appellant filed a motion with the trial court on August 26, 2021 to suspend enforcement of the judgment and set a supersedeas bond. While the motion remained pending with the trial court, the parties agreed to defer foreclosure through September if appellant deposited $2,500 into the trial court's registry. Appellant did so, and the foreclosure did not proceed as originally scheduled. On September 7, 2021, the trial court issued an order requiring a monthly payment of $1,300 from appellant, which appellant had acknowledged was the Property's monthly rental rate at the time, in order to supersede the judgment while the appeal proceeded. While appellant has paid that amount as ordered by the trial court, it has sought relief from this court on the basis the trial court ordered an erroneous amount for supersedeas.

Under Texas Rule of Appellate Procedure 24.4(a)(1), parties may seek appellate review on the sufficiency or excessiveness of the amount of a security ordered by a trial court as a supersedeas bond. We review such decisions for an abuse of discretion. *See O.C.T.G. L.L.P. v Laguna Tubular Prods. Corp.* 525 S.W.3d 822, 829 (Tex. App.—Houston [14th Dist.] 2017, mand. denied). An abuse of discretion exists when the trial court acts without reference to any guiding rules and principles or when it acts arbitrarily and unreasonably. *See id.* (citing *McDaniel v. Yarbrough*, 898 S.W.2d 251, 253 (Tex. 1995)).

Texas Rule of Appellate Procedure 24.1(a) authorizes judgment debtors like appellant to supersede a judgment pending appeal by, among other methods, filing

with the trial court a good and sufficient bond, which must be in the amount required by Rule 24.2. *See* Tex. R. App. P. 24.1(a)(2), (b)(1)(A). Rule 24.2 contains two possibilities for the proper supersedeas amount in this case. When a judgment is for "the recovery of an interest in real . . . property," the amount of the security "must be at least[] the value of the property interest's rent or revenue." Tex. R. App. P. 24.2(a)(2)(A). When the judgment "is for something other than money or an interest in property," there is less of a numeric limit to what must be or can be ordered by the trial court as a supersedeas bond. Rather, the trial court "must set the amount and type of security" so as to "adequately protect the judgment creditor against loss or damage that the appeal might cause." Tex. R. App. P. 24.2(a)(3).

Appellant's initial argument contends that, because the underlying judgment is for something other than money or a property interest, the underlying supersedeas bond is excessive under Rule 24.2(a)(3) as it exceeds adequate protection against loss or damage to appellee. This argument is not consistent with this court's precedent. In *Abdullatif v. Choudhri*, we considered which of those two rules best fit a judgment awarding declaratory relief clarifying who held ownership interests in several non-corporate business associations. 536 S.W.3d 48, 50–51 (Tex. App.—Houston [14th Dist.] 2017, no pet.). Although the appellant in that case contended that superseding such relief was governed by Rule 24.2(a)(3) on the basis that the underlying declaratory judgments were for something other than money and property, we held that Rule 24.2(a)(2) and its property-based limits applied since the underlying declarations "validate[d] a transfer of interests in . . . property to [the appellee]." *Id.* at 55. That rule applies here with equal force. The current case's declaratory judgment regarding how

3

appellee's mortgage lien impacts appellant's title to real property is just as much a judgment for the recovery of a property interest as a declaration about who owns, and the extent to which they own, interests in business associations. So Rule 24.2(a)(2) and its standard for "the value of the property interest's rent or revenue," rather than Rule 24.2(a)(3) and its requirement for "adequate[] protect[ion for] the judgment creditor," is the proper rule for evaluating the amount of this case's supersedeas bond.

That largely resolves appellant's motion, as of the four different amounts appellant contends are a more appropriate measure for the supersedeas bond, three of them (the interest on the underlying note, zero on the basis that the lien itself serves as adequate security, and the $2,500 deposit appellant initially placed in the trial court's registry) do not align with Rule 24.2(a)(2)'s the requirement that the bond be set at "the value of the property interest's rent or revenue." All that remains is appellant's fourth proposal, the Property's net rental value. Appellant contends that in light of such costs as ownership and management expenses, it only nets $650 on the $1,300 it receives in rental money each month. However, particularly as there is no indication that appellee would itself necessarily be paying those costs instead of a tenant, we see no abuse of discretion in the trial court's choice to use the total rent appellant receives, rather than the net amount it receives from rent. *Cf., e.g.*, *Hayes v. Johnson*, No. 05-17-01116-CV, 2019 WL 2266390, at *1 (Tex. App.—Dallas May 28, 2019, no pet.) (discussing an arrangement by which a property tenant not only paid the property owner rent each month, but also paid the owner's insurance and property taxes and was moreover "responsible for 'upkeep'").

4

Accordingly, as this court finds no abuse of discretion in the trial court's decision to require $1,300 per month to be deposited to supersede its judgment, we deny appellant's motion to modify its supersedeas bond.

PER CURIAM

Panel Consists of Justices Wise, Bourliot, and Zimmerer.