**William H. BISHOP, Movant,**

v.

**AMERICAN STATES LIFE INSUR-
ANCE COMPANY, Respondent.**

Supreme Court of Kentucky.

July 6, 1982.

John T. Aubrey, Lyttle & Aubrey, Manchester, for movant.

Wayne J. Carroll, Ewen, MacKenzie & Peden, P. S. C., Louisville, for respondent.

AKER, Justice.

Movant, William H. Bishop seeks review of the decision of the Court of Appeals, which affirmed the judgment of the Fayette Circuit Court in denying him a commission on the sale of a life insurance policy.

Movant and James C. Pullins were both agents for American States Life Insurance Company, respondent herein. The terms of their agency contracts with respondent were identical.

During the course of several months each agent, without knowledge of the activity of the other, attempted to procure a life insurance policy, in the amount of One Million Dollars ($1,000,000.00) on the life of Jimmy Sizemore, who, due to medical problems, was considered to be a substandard risk for the issuance of life insurance. Consequently, both agents expended considerable time and effort in accumulating all of the information and documentation required by the respondent before a life insurance policy could be issued.

Both agents were notified by the respondent's regional manager that upon receipt of a new application and a premium check the policy would be issued. The agent who submitted these items would receive the commission, which was $22,632.42. On the items requested by the respondent and submitted by Bishop, the insured designated Bishop as his agent. Respondent paid movant only $7,544.20 of the total commission due.

Agent Pullins claimed entitlement to the entire commission and initiated this action in Fayette Circuit Court, which found that, from the evidence presented, (1) Pullins had performed each and every act necessary to entitle him to the full commission on the policy; (2) since respondent had notice of the disputed claims to the commission, prior to the time respondent paid any commission to Bishop, respondent was estopped from recovering the monies previously paid to movant herein; and (3) movant was entitled to no additional commission.

Both Bishop and the insurance company appealed the trial court's judgment to the Court of Appeals, which, upon motion by Pullins, dismissed Pullins as a party and affirmed the judgment of the Fayette Circuit Court. We granted discretionary review and reverse.

It appears from the record that the trial court considered the extensive effort put forth by Pullins in his attempt to secure the policy as justification for finding in his favor. In trying to find a company that would insure Sizemore, Pullins submitted applications to various life insurance companies, one of which was respondent, that named Pullins as Sizemore's agent. Pullins' office file on Sizemore reflected the fact that Pullins had invested a substantial amount of time in corresponding with respondent and fulfilling respondent's requests for medical information on Sizemore.

As this is a case of first impression in Kentucky, there is no controlling precedent to turn to for guidance in resolving this issue. Absent such authority, it appears that the trial court attempted to resolve the problem in an equitable manner, similar to the theory of quantum meruit, based on the amount of effort each agent had put forth to obtain the desired policy. However, we cannot agree with the end result reached by the trial court.

The common law theory of quantum meruit is rooted in the idea that, any contractual obligation notwithstanding, one should be compensated based on the amount of work one has performed (i.e., one gets what one deserves, no more and no less).

Although the theory of quantum meruit is still a sound and just rationale, the structure and nature of today's complex, industrial society has eroded the concept of quantum meruit and made it less than viable for all situations. There are some professions, such as insurance, real estate and sales, wherein quantum meruit has little applicability. The realtor may spend untold hours in trying to locate a house for a prospective buyer or show one particular house to many different people, but until a sale is consummated, the realtor is entitled to no compensation.

■ The same concept applies to an insurance agent who may spend fruitless time in persuading a potential client to purchase an insurance policy. No policy sold equals no commission paid.

A rule common in the insurance trade is that the insured chooses the agent through whom he works with the insurance company. Every broker in soliciting business assumes the risk of being able to persuade his prospective customer to deal through him. *Hanley v. Marsh & McLennan-J. B. F. Davis & Son, Limited*, 46 Cal.App.2d 787, 117 P.2d 69 (1941).

■ Another standard indigenous to the insurance industry is that the insurance company must deal with the agent selected by the insured. The insured, for whatever reason, is free to designate a different agent whenever he desires to do so. *Clinchy v. Grandview Dairy*, 283 N.Y. 39, 27 N.E.2d 425 (1940).

■ Thus, it is a common practice in the insurance business that the insured is completely free to choose his agent, who remains employed as the insured's agent at the sole discretion of the insured. Sizemore designated Bishop as his agent of record on the most recent insurance application with respondent.

The record clearly indicates that Bishop did everything he was required to do in earning a full commission. Subsequent to the respondent's decision to issue the policy, a new application had to be submitted because the original application had become stale and expired by its own terms (it had not been accepted within sixty days subsequent to the time it was submitted to the company).

Bishop submitted the new application, which designated him as Sizemore's agent, and the first premium check, which was accepted by the company. Nothing more was required of him. This is consistent with our holding in *Cassinelli v. Holliday*, 314 Ky. 326, 234 S.W.2d 945 (1951):

> Where a person is engaged as an agent to assist either in the sale or purchase of property and he performs fully all of the obligations imposed on him by the contract, and his principal consummates the purchase or sale with the person the agent has negotiated with, the latter is entitled to his commission. Ibid., at 947.

■ We note that it is unfortunate that respondent will ultimately have paid a full commission to each of two agents, but it is evident from the record that respondent had knowledge that both agents were working toward procuring the same policy for the same individual without advising either agent of the other's activity. Furthermore, respondent had knowledge of the disputed claims to the commission before any commission was paid to either agent.

Accordingly, we hold that movant is entitled to the full commission of $22,632.42 on the policy. The judgment of the Fayette Circuit Court and the decision of the Court of Appeals are hereby reversed and this cause is remanded to the Fayette Circuit Court for entry of judgment consistent with our opinion.

All concur.[1]

---

1. O'Hara, J., was present but not voting in this decision since the oral argument and discussion preceded his appointment to the court.