ACCEPTED
04-15-00615-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
10/1/2015 2:06:54 AM
KEITH HOTTLE
CLERK

NO.___04-15-00615-CV_____

---

## IN THE COURT OF APPEALS
## FOR THE FOURTH DISTRICT OF TEXAS
## AT SAN ANTONIO

---

### IN RE ESTATE OF MARIA L. RAYNES

---

### FROM THE PROBATE COURT NO. 1 OF BEXAR COUNTY, TEXAS

---

### RELATOR'S PETITION FOR WRIT OF MANDAMUS AND
### WRIT OF PROHIBITION

---

Per Hardy, SBN: 08986500
James E. Hoffman, SBN: 09781750
418 East Park Avenue
San Antonio, TX 78212
Phone: (210) 226-8890
Facsimile: (210) 222-1891
perhardylawofc@sbcglobal.net

ATTORNEYS FOR RELATOR
Arthur Raynes, Independent Executor

EMERGENCY RELIEF REQUESTED

ORAL ARGUMENT IS REQUESTED

IDENTITY OF PARTIES AND COUNSEL

Relator certifies that the following is a complete list of all parties, attorneys, and any other persons who have any interest in the outcome of this Petition for Writ of Mandamus and Writ of Prohibition regarding the trial court's Final Judgment entered on August 17, 2015.

|              | PARTIES | COUNSEL |
|--------------|---------|---------|
| *Relator:*   | Arthur Raynes, Independent Executor | Per Hardy, SBN: 08986500<br>James E. Hoffman, SBN: 09781750<br>418 East Park Avenue<br>San Antonio, Texas 78212<br>Phone: (210) 226-8890<br>Fax: (210) 222-1891<br>perhardylawofc@sbcglobal.net |

Respondent: Honorable Kelly Cross
Judge of Probate Court No. 1
Bexar County Courthouse
100 Dolorosa
San Antonio, Texas 78205
Phone: (210) 335-2670
Fax: (210) 335-3998

*Real Parties in Interest:*

| Defendant Leah Raynes | Cecil Bain, SBN: 01550000<br>The Forum, Suite 600, 8000 IH 10 West<br>San Antonio, Texas 78230<br>Phone: (210) 344-1700<br>Fax: (210) 344-1700<br>cecilbain@yahoo.com |
|-----------------------|------------------------------------|
| Defendant Todd Barta  | *pro se*<br>6307 Handsome Lake Dr.<br>Leon Valley, Texas 78238 |
| Defendant Samuel Barta | *pro se*<br>6307 Handsome Lake Dr.<br>Leon Valley, Texas 78238 |

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . II

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . V

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . VII

STATEMENT OF JURISDICTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . VIII

RECORD REFERENCES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . VIII

ISSUES PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . IX

RELATOR'S PETITION FOR WRIT OF MANDAMUS AND
      WRIT OF PROHIBITION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

A. STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

B. ENTITLEMENT TO MANDAMUS RELIEF. . . . . . . . . . . . . . . . . . . . . . . . . 7

C. ARGUMENT AND AUTHORITY UNDER ISSUE NUMBER 1
      The trial court abused its discretion by denying the Independent Executor's
      constitutional right to a jury trial on material issues of fact. . . . . . . . . . . . . 8

D. ARGUMENT AND AUTHORITY UNDER ISSUE NUMBER 2
      The trial court abused its discretion by limiting the subject of the hearings to
      the Requests for Injunction filed by the Independent Executor and Leah Raynes
      and the Petition for Eviction from the Estate's real property filed by the
      Independent Executor and then entering a Final Judgment on all requests for
      relief. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

E. ARGUMENT AND AUTHORITY UNDER ISSUE NUMBER 3
      The trial court abused its discretion by finding that a letter written by an
      attorney for the Independent Executor on June 5, 2013, offering to sell the
      Estate's real property was an enforceable Contract where the offer was not
      accepted by Leah Raynes and negotiations regarding essential terms continued
      after that date. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

F. ARGUMENT AND AUTHORITIES UNDER ISSUE NUMBER 4
   The trial court abused its discretion by entering a Judgment forcing the Independent Executor to sell the Estate's real property to Leah Raynes for an amount well below fair market value based on a nonexistent Contract.. . . 16

G. ARGUMENT AND AUTHORITIES UNDER ISSUE NUMBER 5
   The trial court abused its discretion by entering a Final Judgment not supported by the live pleadings before the Court, including the appointment of a receiver which was not requested by any party. . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

H. ARGUMENT AND AUTHORITIES UNDER ISSUE NUMBER 6
   The trial court abused its discretion by denying the Independent Executor's request for eviction of Leah Raynes and her adult sons from the Estate's real property and injunctive relief to protect and preserve the Estate of Maria L. Raynes.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

MANDAMUS CERTIFICATION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

APPENDIX TO THE PETITION FOR WRIT OF MANDAMUS AND
   WRIT OF PROHIBITION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A

VERIFICATION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . A

# INDEX OF AUTHORITIES

## Cases

*Estate of Casida*, 13 S.W.3d. 519 (Tex. App.–Beaumont 2000)... . . . . . . . . . . . . 18

*Estate of Eberling v. Fair*, 546 S.W.2d 329 (Tex. Civ. App.–Dallas 1976, writ ref'd n.r.e.).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14, 16

*Gen. Motors Corp. v. Gayle*, 951 S.W.2d 469 (Tex. 1997).. . . . . . . . . . . . . . . . . . 8

*Guerra v. Alexander*, 04-09-00004-CV (Tex App.—San Antonio May 26, 2010, no pet.) (mem. op.)... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Guzman v. Acuna*, 635 S.W.2d 315 (Tex. App.–San Antonio 1983, pet dism'd). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Halsell v. Dehoyos*, 810 S.W.2d 371 (Tex. 1991).. . . . . . . . . . . . . . . . . . . . . . . 10

*In Re Fallis*, No. 04-08-00781-CV (Tex App.—San Antonio Feb. 4, 2009, no pet.) (mem. op.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re M.G.N.*, 401 S.W.3d 677 (Tex.App.–San Antonio 2013), *rev'd on other grounds*, 441 S.W.3d 246 (Tex. 2014).. . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Prudential Ins. Co. of America*, 148 S.W.3d 124 (Tex. 2004). . . . . . . . . 8, 10

*Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916 (Tex. 1985).. . . . . . . . . . . . 7

*Mercedes-Benz Credit Corp. V. Rhyne*, 925 S.W.2d 664 (Tex. 1996). . . . . . . . 9, 10

*Oil Field Haulers Assoc. v. RR Comm'n*, 381 S.W.2d 183 (Tex. 1964). . . . . . . . 18

*Roman v. Roman,* 193 S.W.3d 40 (Tex.App.–Houston [1st Dist.] 2006, pet. filed). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218 (Tex. 1992). . . . . . . 12, 13, 16

*Vincent v. Bank of America, N.A.*, 109 S.W.3d 856 (Tex. App. –Dallas 2003, pet. denied).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*W. E. Grace Mfg. Co. v. Levin*, 506 S.W.2d 580 (Tex.1974).. . . . . . . . . . . . . . 15

*Walker v. Packer*, 827 S.W.2d 833 (Tex. 1992). . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Wal-Mart Stores, Inc. v. Lopez,* 93 S.W.3d 548 (Tex.App.–Houston [14th Dist.] 2002, no pet.).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## Constitution

Tex. Const. art. I, § 15.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

Tex. Const. art. V, § 6... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . VIII

## Statutes

Tex. Bus. & Com. Code § 26.01. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Tex. Est. Code § 356.002.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17

Tex. Est. Code § 402.002. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Tex. Est. Code § 402.052.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 20

Tex. Est. Code § 55.002. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Tex. Gov't Code § 22.221(a), (b)... . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . VIII

## Rules

Tex. R. Civ. P. 216.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Tex. R. Civ. P. 220.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Tex. R. Civ. P. 301. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

## STATEMENT OF THE CASE

*The underlying proceeding:*   Request by the Independent Executor for Eviction and request by both parties for an Injunction. The Jury trial scheduled on the Independent Executor's Petition for Preservation of the Estate, reimbursement, damages and attorneys fees was denied by the Final Judgment signed by the trial court.

*The Respondent:*   The Respondent is the Honorable Kelly Cross, Judge of Probate Court No. 1 Bexar County, Texas.

*Order from which Relief is Sought*:   Final Judgment signed on August 17, 2015, denying Arthur Raynes, Independent Executor, the right to a jury trial on material issues of fact and ordering a forced sale of real property for an amount far below market value based on a nonexistent contract.

STATEMENT OF JURISDICTION

This Court has jurisdiction to issue a Writ of Mandamus and Prohibition under Texas Constitution Article V, § 6, and under Texas Government Code § 22.221(a), (b).

RECORD REFERENCES

RR 1 - Reporter's Record, Hearing on June 16, 2015, attached and the original will be filed with the Fourth Court of Appeals.

RR 2 - Reporter's Record, Hearing on July 22, 2015, attached and the original will be filed with the Fourth Court of Appeals.

P-Ex - Petitioner's Exhibits

R-Ex - Defendant's Exhibits

# ISSUES PRESENTED

1. The trial court abused its discretion by denying the Independent Executor's constitutional right to a jury trial on material issues of fact.

2. The trial court abused its discretion by limiting the subject of the hearings to the Requests for Injunction filed by the Independent Executor and Leah Raynes and the Petition for Eviction from the Estate's real property filed by the Independent Executor and then entering a Final Judgment on all requests for relief.

3. The trial court abused its discretion by finding that a letter written by an attorney for the Independent Executor on June 5, 2013, offering to sell the Estate's real property was an enforceable Contract where the offer was not accepted by Leah Raynes and negotiations regarding essential terms continued after that date.

4. The trial court abused its discretion by entering a Judgment forcing the Independent Executor to sell the Estate's real property to Leah Raynes for an amount well below fair market value based on a nonexistent Contract.

5. The trial court abused its discretion by entering a Final Judgment not supported by the live pleadings before the Court, including the appointment of a receiver which was not requested by any party.

6. The trial court abused its discretion by denying the Independent Executor's request for eviction of Leah Raynes and her adult sons from the Estate's real property and injunctive relief to protect and preserve the Estate of Maria L. Raynes.

RELATOR'S PETITION FOR WRIT OF MANDAMUS AND
WRIT OF PROHIBITION

---

TO THE HONORABLE COURT OF APPEALS:

Relator, ARTHUR RAYNES, INDEPENDENT EXECUTOR, submits this Petition for Writ of Mandamus and Prohibition complaining of the Final Judgment of the Honorable Kelly Cross, Judge of the Probate Court No. 1 of Bexar County, Texas. For clarity, Relator, Arthur Raynes, Independent Executor, will be referred to as Independent Executor; Respondent, the Honorable Kelly Cross, will be referred to by name; and the Real Parties in Interest, Defendants, Leah Raynes, Todd Barta and Samuel Barta will be referred to by name.

## A. STATEMENT OF FACTS

On January 27, 2013, Maria L. Raynes died and left a Will appointing Relator, Arthur Raynes, as Independent Executor. (RR 1:7; Tab 2). Leah Raynes is one of five heirs under the Will. (RR 1:8). No one contested the Will or the appointment of Arthur Raynes as Independent Executor. (RR 1:8; RR 2:117-118). On July 4, 2013, the trial court approved the Inventory, Appraisement, and List of Claims of the Estate filed by the Independent Executor. (RR 1:8).

The major asset of the Estate is the real property located at 6307 Handsome Lake Dr., Leon Valley, Texas 78238. (RR 1:9). The Estate has no cash assets and has

been funded by loans from the Independent Executor and another heir. (RR 2:1, 90-91; P-Ex 1).

Since January 27, 2013, Leah Raynes and her adult sons, Todd Barta and Samuel Barta, have resided in the Handsome Lake property without paying rent to the Estate. (RR 1:21; RR 2:26, 80, 114-115). Todd Barta and Samuel Barta have no ownership interest in the property and they did not pay any rent or expenses for use of the house. (RR 1:27; RR 2:100, 118). Since 2013, the Estate has paid most of the expenses for the house. (P-Ex 1).

In April 2013, the Independent Executor requested Leah Raynes and her adult sons to vacate the property by May 6, 2013, so that he could list it for sale. (RR 1:9, 11; RR 2:122-123). Instead of moving out of the house as requested, Leah Raynes hired an attorney who accused the Independent Executor of harassment. (RR 1:10; RR 2:102-103; RR 2:123-124). On May 9, 2013, Leah Raynes' attorney sent a letter to the Independent Executor's attorney proposing that his client have exclusive possession of the house, but this letter did not mention purchasing the house. (RR 1:33-34; R-Ex 2). The Independent Executor did not agree to allow Leah Raynes and her adult sons to remain in the house because he wanted to sell it in order to distribute the proceeds equally to all of the heirs. (RR 1:10-11, 35, 37; RR 2:88, 102-103).

On June 5, 2013, the Independent Executor's attorney sent a letter to Leah Raynes' attorney, offering to sell the house to Leah Raynes "as is" for $121,000.00

to close within 25 days or she and her two adult sons should vacate the property so it could be listed with a real estate agent and sold for fair market value. (RR 1:11, 13; R-Ex 4; Tab 5). Leah Raynes rejected this offer, and after 25 days the offer expired, on June 30, 2013. (RR 1:13; 47, 60; RR 2:88).

In October 2013, Leah Raynes made her first offer to purchase the house for $122,000.00, which was rejected by the Independent Executor. (RR 1:14-15, 57). Thereafter, a series of letters were exchanged between the Independent Executor and Leah Raynes' representatives with negotiations regarding the sale of the property to her, including her offers of various purchase prices, but none of these letters extended the deadline for expiration of the offer in the June 5, 2013 letter. (RR 1:53-54, 76, 78; RR 2:20, 109-111; R-Ex 35; R-Ex 11). In his response letters, the Independent Executor demanded payment for expenses and rent, but did not accept any of the proposals from Leah Raynes. (RR 2:4-5, 19, 63).

The Independent Executor wrote "proposed" on the Contract submitted by Leah Raynes and he never signed any contract to sell the house to Leah Raynes. (RR 1:75, 77; RR 2:7, 21, 25; 35, 101; R-Ex 11). Since 2013, the Independent Executor and Leah Raynes never reached an agreement for the sale of the house because there was no agreed price, her offers did not treat all of the heirs equally and fairly, and there was no reimbursement to the Estate for expenses and rental value. (RR 1:17-18; RR 2:27-28, 94-95).

During this time, Leah Raynes and her attorney interfered with the Independent Executor's efforts to maintain the house and prepare it for sale and accused him of harassment whenever he attempted to have access to the property. (RR 1:22, 24; RR 2:97, 137; RR 2:90, 103, 137).

On February 12, 2015, the Independent Executor sent a "Ten Days Notice to Vacate" by certified mail to Leah Raynes and her adult sons, but they did not vacate the property. (RR 1:24; RR 2:83; RR 2:127).

In February 2015, the Independent Executor notified Leah Raynes that he and a Real Estate Appraiser would inspect the house on February 23, 2015, but they were unable to obtain access because his key did not work and no one answered the door. (RR 1:25-26). The Independent Executor requested a key from Leah Raynes, but that request was denied. (RR 1:26-27; RR 2:143, 146).

On March 12, 2015, the Independent Executor filed a Petition for Preservation of the Estate, for Damages and Other Relief against Defendants Leah Raynes and her two adult sons, Todd Barta and Samuel Barta. (Tab 6). On March 30, 2015, Leah Raynes filed a verified Defendant's Original Answer, Counter-Petition for Recovery of Property of Estate, For Sale of Estate Real Property, and for Declaratory Judgment, Temporary Injunction and For Show Cause Order for Removal and demanded a jury. (Tab 7). On April 16, 2015, the Court signed a Docket Control Order scheduling a jury trial for October 12, 2015. (Tab 4). On April 27, 2015, Leah Raynes paid the jury

fee. (Tab 3).

On April 24, 2015, a licensed real estate appraiser conducted an inspection and evaluation of the house and determined its value to be $151,000 because of deferred maintenance, which if addressed would increase the value to $161,000. (RR 2:61, 95-96; P-Ex 2).

On May 15 and 18, 2015, the other heirs filed Affidavits stating their support of the Independent Executor's efforts to evict Leah Raynes and list the property for sale on the market. (Tab 10).

On May 19, 2015, Leah Raynes filed a Motion to Withdraw and Dismiss the Application for Sale of Property and an Amended Answer and Counter-Petition. (RR 1:4; Tab 9).

On June 16, 2015, and July 22, 2015, hearings were held on the Requests for Injunction filed by the Independent Executor and Leah Raynes and the Petition for Eviction filed by the Independent Executor. (RR 1:4-6). The Court repeatedly stated that those were the only two issues before the Court during these two hearings and that hearings were "not a trial on the merits." (RR 2:43-44, 77, 89-90, 106, 108, 112, 135, 143, 169-170).

At these hearings, Leah Raynes and her attorney admitted that there is no Contract signed by both parties, but only proposed Contracts submitted by her, but never "finalized." (RR 1:5-6; RR 2:165).

On August 17, 2015, the Court entered a Final Judgment. (Tab 1). In this Judgment, the Court found that the letter dated June 5, 2013, from the Independent Executor's attorney with an offer for sale of the property to Leah Raynes was accepted by the Independent Executor. Based on this finding, the Court ordered the Independent Executor to sell the property to Leah Raynes for $121,000.00 on or before October 2, 2015. The Court also made provisions for appointment of a receiver and made rulings regarding payment of expenses. The Judgment denied all other relief not specifically granted.

On August 20, 2015, the Independent Executor filed a Request for Findings of Fact and Conclusions of Law. On September 10, 2015, the Independent Executor filed a Notice of Past Due Findings of Fact and Conclusions of Law.

Undisputed and Uncontroverted Facts

It is undisputed that a jury demand was made, the jury fee was paid, and the case was set for jury trial on October 12, 2015. (TAB 3) (RR 2:210, 212).

It is undisputed that the major asset of the Estate of Maria L. Raynes was her residence located at 6307 Handsome Lake Drive, San Antonio, Texas. (RR 1: 9).

It is undisputed that Leah Raynes and her two adult sons, Samuel Barta and Todd Barta, resided without paying rent at 6307 Handsome Lake Drive, San Antonio, Texas since the death of Maria L. Raynes on January 27, 2013. (RR 1:9, 20, 21, 25, 27; RR 2:114-115).

It is undisputed that Leah Raynes and her two adult sons, Samuel Barta and Todd Barta, refused to vacate the house located at 6307 Handsome Lake Drive, San Antonio, Texas as requested by the Independent Executor. (RR 1:11, 24, 29; RR 2:123-124, 125, 127).

It is undisputed that Samuel Barta and Todd Barta did not pay to the Estate any rent or any of the ongoing expenses for the house located at 6307 Handsome Lake Dr., Leon Valley, Texas 78238. (RR 1:1:20, 21, 25,27; RR 2:135-136).

It is undisputed that Leah Raynes did not pay to the Estate any rent and did not pay most of the ongoing expenses while living in the house located at 6307 Handsome Lake Dr., Leon Valley, Texas 78238. (RR 1:20, 21, 25, 27, 38-40; RR 2:128, 133; P-Ex1).

It is uncontroverted that there is no written Contract of Sale signed by both parties for sale of the real property located at 6307 Handsome Lake Dr., Leon Valley, Texas 78238 to Defendant Leah Raynes. (RR 1:5-6, 13-15, 18; RR 2:5, 165).

B. ENTITLEMENT TO MANDAMUS RELIEF

Mandamus issues to correct a violation of duty imposed by law or a clear abuse of discretion when there is no adequate remedy by appeal. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985). A trial court has no discretion in determining what the law is, or in applying the law to the facts. A failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

In the Final Judgment, the trial court made rulings that are prohibited by Constitutional provisions regarding jury trials, due process, Texas Business & Commerce Code §§ 26.01 and 26.02(b), fundamental contract law regarding the sale of real property, and provisions of the Estates Code. In addition, the trial court failed to correctly analyze or apply the law by: (1) denying the right to a jury trial on material issues of fact; (2) determining that a Contract existed; (3) ordering the

-7-

Independent Executor to sell the house for an amount below fair market value to Leah Raynes based on a nonexistent contract; (4) appointing a Receiver if the sale is not concluded by October 2, 2015; and (5) rendering a Final Judgment not supported by the pleadings.

C. ARGUMENT AND AUTHORITY UNDER ISSUE NUMBER 1

The trial court abused its discretion by denying the Independent Executor's constitutional right to a jury trial on material issues of fact.

"The right to jury trial is one of our most precious rights, holding 'a sacred place in English and American history.'" *Gen. Motors Corp. v. Gayle*, 951 S.W.2d 469, 476 (Tex. 1997); *Accord In re M.G.N.*, 401 S.W.3d 677, 679 (Tex.App.–San Antonio 2013), *rev'd on other grounds*, 441 S.W.3d 246 (Tex. 2014); *Accord Guerra v. Alexander*, 04-09-00004-CV (Tex App.—San Antonio May 26, 2010, no pet.) (mem. op.). The denial of a trial by jury has been determined by the Texas Supreme Court to be reviewable by mandamus. *In re Prudential Ins. Co. of America*, 148 S.W.3d 124, 139 (Tex. 2004) (holding "[t]he denial of trial by jury is also reviewable by mandamus."); *Accord In Re Fallis*, No. 04-08-00781-CV (Tex App.—San Antonio Feb. 4, 2009, no pet.) (mem. op.).

The Texas Constitution provides that "[t]he right of trial by jury shall remain inviolate." Tex. Const. art. I, § 15. The Texas Constitution and Texas Rules of Civil Procedure require that when a jury demand has been made and the jury fee paid,

questions of facts must be submitted to the Jury. Tex. Const. art. I, § 15; Tex. Est. Code § 55.002; Tex. R. Civ. P. 216 and 220.

In the present case, Defendant Leah Raynes filed a jury demand and paid the jury fee. (Tab 3). Samuel Barta and Todd Barta also filed a jury demands in their Original Answers. (Tab 8). On April 16, 2015, the Court entered a Docket Control Order scheduling a jury trial for October 12, 2015. (Tab 4). The Independent Executor was entitled to rely on the jury demands and payment of the jury fee. Tex. R. Civ. P. 220; *Mercedes-Benz Credit Corp. V. Rhyne*, 925 S.W.2d 664, 666 (Tex. 1996).

On June 16, 2015, at the request of the parties, the trial judge held a hearing on the Independent Executor's Motion for Eviction and Request for Injunction and Leah Raynes' Request for Injunction. Because of time limitations, the trial court continued the matter until July 22, 2015, at which time it concluded the hearing on these matters. During the two hearings on these preliminary matters, the trial court repeatedly stated that only the requests for Injunction and Eviction were before the Court and that the other issues would be decided at the jury trial on the merits. (RR 1:4-6; RR 2:43-44, 77, 89-90, 106, 108, 112, 135, 143, 169-170). During these hearings, both attorneys acknowledged that damages and other issues would be presented at the jury trial. (RR 2:210, 212). On July 22, 2015, in closing argument, Leah Raynes attorney stated, "We've got a jury demand. And I believe in an eviction suit, since there's no contract, it's either got to be determined by summary judgment

or before a jury." (RR 2:210). Under these circumstances, the trial court may not take the case from the jury where there are material fact issues over the objection of the opposing party. *Mercedes-Benz Credit Corp. V. Rhyne*, at 666 (Tex. 1996).

Nevertheless, on August 17, 2015, the trial court arbitrarily entered a Final Judgment disposing of all issues and parties. (Tab 1). The Independent Executor was not aware that the trial court intended to remove the case from the jury and rule on all of the issues until he received the Final Judgment.

It is well established that the denial of trial by jury is harmless error only if there are no material fact issues to submit to a jury and an instructed verdict would have been justified. *In re Prudential Ins. Co. of America*, 148 S.W.3d 124, 138 (Tex. 2004)*; Halsell v. Dehoyos*, 810 S.W.2d 371, 372 (Tex. 1991). The Independent Executor's pleadings present several causes of action and requests for damages that contain material issues of fact to be submitted to the jury. *Halsell* at 372 (Tex. 1991). In the present case, the following material fact issues were required to be submitted to the jury: (1) the existence of a contract for sale of the real property if not determined by Summary Judgment; (2) the fair market value of the house; (3) the amount of damages to the Estate caused by Defendants' failure to properly maintain the property; (4) reimbursements for rental value and expenses from Defendants for the more than two years they occupied the Handsome Lake Dr. property without consent of the Independent Executor and other heirs; (5) fraud by Leah Raynes against the Estate;

and (6) the award of attorneys fees to the Estate.

The Final Judgment entered on August 17, 2015, arbitrarily denied the Independent Executor's right to a jury trial on the material issues of fact. In depriving the Independent Executor of the constitutional right to a jury trial on these issues, the trial court clearly abused its discretion.

D. ARGUMENT AND AUTHORITY UNDER ISSUE NUMBER 2

The trial court abused its discretion by limiting the subject of the hearings to the Requests for Injunction filed by the Independent Executor and Leah Raynes and the Petition for Eviction from the Estate's real property filed by the Independent Executor and then entering a Final Judgment on all requests for relief.

The trial court abused its discretion by entering a Final Judgment which disposed of all issues after limiting the scope of two hearings on June 16, 2015, and July 22, 2015, to only three issues: (1) the eviction of Leah Raynes, Samuel Barta, and Todd Barta; (2) the Independent Executor's request for an injunction; and (3) Leah Raynes' request for an injunction. (RR: 1:4-6). The trial court repeatedly confirmed that the requests for an injunction and the request for an eviction were the only two issues before the court and that the hearings were not a "trial on the merits." (RR 1:4-6; RR 2:1, 43-44, 77, 89-90, 106, 108, 112, 135, 143, 169-170). The Independent Executor relied upon the court's directive to confine the evidence and testimony to the need for an eviction and injunction. (RR 1:6; RR 2:89-90, 149, 195-196).

Because the trial court ruled on all issues in the Final Judgment, the

Independent Executor, on behalf of the Estate, was denied due process to present his evidence on all the issues at two hearings. Further, the record for any appeal in this case is incomplete and inadequate because the Independent Executor was not allowed to present his entire case and witnesses at the jury trial which was scheduled for October 12, 2015.

E. ARGUMENT AND AUTHORITY UNDER ISSUE NUMBER 3

The trial court abused its discretion by finding that a letter written by an attorney for the Independent Executor on June 5, 2013, offering to sell the Estate's real property was an enforceable Contract where the offer was not accepted by Leah Raynes and negotiations regarding essential terms continued after that date.

Mutual assent concerning material terms is a prerequisite to the formation of a binding, enforceable contract. *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 221 (Tex. 1992) (where essential term is open for future negotiation, no binding contract exists). To form a binding contract, the following elements must be present: (1) an offer; (2) an acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) each party's consent to the terms; and (5) execution and delivery of the contract with the intent that it be mutual and binding. *Roman v. Roman,* 193 S.W.3d 40, 50 (Tex.App.–Houston [1st Dist.] 2006, pet. filed); citing *Wal-Mart Stores, Inc. v. Lopez,* 93 S.W.3d 548, 555-56 (Tex.App.–Houston [14th Dist.] 2002, no pet.).

A Contract for sale of real property must be in writing and signed by the person

to be charged with the promise or agreement or by someone lawfully authorized to sign for him. Tex. Bus. & Com. Code § 26.01. The written Contract must contain all material and essential terms of the agreement.[1] *T.O. Stanley Boot Co.* at 221. The Independent Executor never signed a contract to sell the house to Leah Raynes. (RR 2:7). At the hearings on June 16, 2015, and July 22, 2015, Leah Raynes and her attorney admitted that there is no Contract signed by both parties, but only proposed Contracts submitted by her. (RR 1:5-6; RR 2:165). In response to a question from the trial court regarding whether there is written documentation of an agreement to sell the property to Leah Raynes, her attorney replied, "No. There is no actual written contract, that's correct." (RR 1:5-6).

On June 5, 2013, the Independent Executor's previous attorney sent a letter to Leah Raynes' attorney offering to sell the house to Leah Raynes "as is" for $121,000.00 to close within 25 days or she was to vacate the property within 25 days, pay for all utilities/bills incurred on her behalf and her two adult children living there, and "no longer hinder the sale of such property that will be under contract with a real estate agent and sold for fair market value." (RR 1:11; R-Ex 4, Tab 5).

Leah Raynes did not accept this proposal and it expired 25 days later on June

---

[1] During the hearing on June 16, 2015, Judge Kelly seemed to recognize these requirements when she asked Leah Raynes' attorney, "If there is no written agreement that was signed by both sides, why are you wasting all of our time? Do you have a letter where you have made an offer and they have accepted? I asked you about the June 5[th] 2013 agreement to sell the house for 121,000 as what was in your pleading. And you said there was no written agreement, right?" (RR 1:33).

30, 2014. (RR 1:13, 60; RR 2:88). During the hearing on June 16, 2015, the trial court acknowledged that the Defendant Leah Raynes "didn't do her part" in response to the offer in the letter dated June 5, 2013. (RR 1:49). In this regard, the trial court stated, "Now, it does not look—cause it's June 2015–that, A, your client bought this property; and B, it does not look like this offer was accepted because the terms were not completed...it does not look like your client accepted and did her part." (RR 1:49-50). Therefore, the Final Judgment finding that the June 5, 2013 letter was a Contract was not supported by the trial court's own assessment of the evidence.

After the offer in the June 5, 2013 letter was not accepted, the Independent Executor did not make any other proposals to sell the property to Leah Raynes (RR 1:17, 50-52), but a series of letters were exchanged between the Independent Executor and her attorney with negotiations regarding the sale of the property to her. In his letters to Leah Raynes' attorney, the Independent Executor demanded payment to the Estate for expenses and rent, but never agreed to extend the deadline for the offer contained in the June 5, 2013 letter and never agreed to a price for the sale of the house. (RR 1:18, 53; RR 2: 4-5, 19, 94-95). Negotiations do not constitute agreement. Consider *Estate of Eberling v. Fair*, 546 S.W.2d 329 (Tex. Civ. App.–Dallas 1976, writ ref'd n.r.e.) (holding four letters not a binding contract because essential terms not agreed and letters did not satisfy the Statute of Frauds and Tex. Bus. & Comm. Code Ann. § 26.01(b)(4)). Even though the parties engaged in negotiations, they never

reached agreement on the essential terms, including price, of this real estate transaction and "thus never concluded an agreement."*Id* at 331.

Mutual assent or agreement is the essence of a contract. *W. E. Grace Mfg. Co. v. Levin*, 506 S.W.2d 580, 584 (Tex.1974). There was obviously no mutual agreement in this case. After the June 2013 deadline expired, Leah Raynes made several offers to purchase the property for prices ranging from $116,000 to $130,000, but none of these offers were accepted by the Independent Executor. (RR 1:78, 81; RR 2:20, 25, 63, 94-95, 109-111; R-Ex 11; R-Ex 35). Leah Raynes' first offer to purchase the house was made in October 2013, three months after the June 5th offer had expired. Subsequently, she made several additional offers, all of which were rejected by the Independent Executor. (RR 1:14-15; 16, 57; RR 2:63-64, 94-95, 109-111). Some of the proposals were "as is" and others contained special provisions. (RR 2:42-43, 45). At the hearing on July 22, 2015, Leah Raynes testified that her proposed Contracts were never "finalized." (RR 2:165).

The June 5, 2013 letter is not an enforceable Contract because:

1. Leah Raynes did not consent to the initial terms proposed by the attorney for the Independent Executor in the June 5, 2013 letter, but subsequently rejected that proposal and instead made other offers to purchase the property which were not accepted. (RR 1:13; RR 2:20, 21, 25, 94-95, 109-111).

2. There was clearly no meeting of the minds or mutual assent. Negotiations regarding essential terms of the sale, including price, continued after the proposal in the June 5, 2013 letter was not accepted

by the deadline on June 30, 2013. *Estate of Eberling* at 331; *T.O. Stanley Boot Co.* at 221. (RR 2:25)

3.      It is uncontroverted that there no written Contract signed by the parties for sale of the real property to Defendant Leah Raynes. (RR 1:5-6).

The trial court cannot thwart the mandatory requirements for a written Contract for the sale of real property by declaring that the Independent Executor accepted his own offer contained in the letter from his attorney dated June 5, 2013. (Tab 1). Courts cannot make contracts for the parties. *Guzman v. Acuna*, 635 S.W.2d 315, 319 (Tex. App.–San Antonio 1983, pet dism'd); citing *Estate of Eberling v. Fair*, 546 S.W.2d 329, 334 (Tex. Civ. App.–Dallas 1976, writ ref'd n.r.e.).

F. ARGUMENT AND AUTHORITIES UNDER ISSUE NUMBER 4

The trial court abused its discretion by entering a Judgment forcing the Independent Executor to sell the Estate's real property to Leah Raynes for an amount well below fair market value based on a nonexistent Contract.

The trial court abused its discretion by ordering the Independent Executor to sell the house to Leah Raynes for $121,000, which is below the appraised value of $151,000. (RR 2:96; P-Ex 2).

The trial court did not have authority to order the sale of the real property to Leah Raynes because the sale is not authorized by statute or a contractual agreement of the parties. Tex. Est. Code § 356.002; see Section E, *supra*.

The Will in this case was admitted to Probate and no Contest was filed. (RR 1:8; RR 2:117-118). The Will granted the Independent Executor full authority to

administer the estate, including "the power to sell, manage, handle, trade, exchange, mortgage, invest, reinvest, pledge, transfer or assign all property: real, personal, or mixed on such terms and for such consideration as my Executor may see fit..." (TAB 2). Therefore, the Independent Executor was authorized to sell the real property in whatever manner he deemed would be in the best interest of the Estate. Tex. Est. Code § 356.002. In this case, the Independent Executor determined that listing the house on the market to obtain the highest price was in the best interest of the Estate and in her testimony, Leah Raynes agreed. (RR 2:101, 162).

"If a Will authorizes the executor to sell the testator's property: (1) A court order is not required to authorize the executor to sell the property, (2) The executor may sell the property: A. at public auction or privately as the executor considers to be in the best interest of the estate; and B. For cash or on credit terms determined by the executor." Tex. Est. Code § 356.002.

As Independent Executor with full unlimited powers, Arthur Raynes has the authority to list and sell the real property located at 6307 Handsome Lake Dr., Leon Valley, Texas 78238 for fair market value to a willing buyer without court approval. Tex. Est. Code §§ 356.002, 402.002 and 402.052.

Therefore, the trial court exceeded its authority and abused its discretion by ordering the Independent Executor to sell the property to Leah Raynes at a price below fair market value.

## G. ARGUMENT AND AUTHORITIES UNDER ISSUE NUMBER 5

The trial court abused its discretion by entering a Final Judgment not supported by the live pleadings before the Court, including the appointment of a receiver which was not requested by any party.

There were no live pleadings to support the trial court's Final Judgment ordering a forced sale of the house. Prior to the hearings, Leah Raynes' attorney had withdrawn her pleadings that requested a court-ordered sale of the house. (RR 1:4; Tab 9). "A party may not obtain a judgment based on a theory not plead." *Vincent v. Bank of America, N.A.*, 109 S.W.3d 856, 863 (Tex. App. –Dallas 2003, pet. denied). Tex. R. Civ. P. 301. A judgment not supported by pleadings must be reversed. *Vincent* at 863, citing *Oil Field Haulers Assoc. v. RR Comm'n*, 381 S.W.2d 183, 191 (Tex. 1964).

The appointment of a receiver was not requested by any party or discussed at the hearings on June 16, 2015, and July 22, 2015.

## H. ARGUMENT AND AUTHORITIES UNDER ISSUE NUMBER 6

The trial court abused its discretion by denying the Independent Executor's request for eviction of Leah Raynes and her adult sons from the Estate's real property and injunctive relief to protect and preserve the Estate of Maria L. Raynes.

As soon as the Independent Executor or any of the other Devisees objected to Leah Raynes' occupancy of the property, she no longer had a right to continue living there and should have been evicted. *Estate of Casida*, 13 S.W.3d. 519, 523, 525 (Tex. App.–Beaumont 2000).

In April 2013, the Independent Executor requested Leah Raynes and her adult sons to vacate the property by May 6, 2013, so that he could list it for sale. (RR 1:9, 11-13; RR 2:122-123). Instead of moving out of the house as requested, Leah Raynes hired an attorney who accused the Independent Executor of harassment. (RR 1:10; RR 2:102-103; RR 2:123-124). The Independent Executor did not accept the proposal from Leah Raynes' attorney made in May 2013 that she have exclusive possession of the house because he intended to sell the property in order to distribute the proceeds to the heirs equally. (RR 1:10-11; RR 2:102-103). Prior to filing this lawsuit, the Independent Executor had requested that Leah Raynes and her adult sons vacate the house on three different occasions, but they refused. (RR 2:87, 102). The Independent Executor notified the other heirs of this request. (RR 1:9-10). On May 15 and 18, 2015, the other heirs filed sworn Affidavits stating their support of the Independent Executors's efforts to evict Leah Raynes and her adult sons. (Tab 10).

As a result of Leah Raynes and her sons' failure to vacate the premises, the Estate suffered loss of rental income between $1,360 and $1,400 per month (RR 1:45; RR 2:99; P-Ex 2) and damages for deferred maintenance because of the failure to maintain the property. (RR 2:90). The Independent Executor requested the eviction and Injunction to preserve the Estate and prevent further damages and losses. (RR 1:28-29; RR 2:90).

As Independent Executor with full authority, Arthur Raynes has the right to

access and the exclusive possession of the property in order to carry out his duties to preserve, maintain, and sell the property at the best price for distribution to the Devisees. Tex. Est. Code §402.052.

Therefore, the trial court exceeded its authority and abused its discretion by denying the Independent Executor's request for eviction of Leah Raynes and her adult sons from the Estate's real property and injunctive relief to protect and preserve the Estate of Maria L. Raynes.

PRAYER

For these reasons the Independent Executor requests this Court to grant a Writ of Mandamus to Judge Kelly Cross, Judge of the Probate Court No. 1 of Bexar County, Texas, requiring her to vacate the Final Judgment and to grant a Writ of Prohibition to preclude any further action by the trial court regarding the sale of the house until the case is presented to a jury. The Independent Executor requests this Court to issue an injunction for the protection of the property of the Estate.

Respectfully submitted,

/s/ *Per Hardy*

Per Hardy, SBN: 08986500
James E. Hoffman, SBN: 09781750
418 East Park Avenue
San Antonio, TX 78212
Phone: (210) 226-8890
Facsimile: (210) 222-1891
perhardylawofc@sbcglobal.net

## MANDAMUS CERTIFICATION

Pursuant to Texas Rule of Appellate Procedure 52.3(j), I certify that I have reviewed this Petition and that every factual statement in the Petition is supported by competent evidence included in the appendix or record. Pursuant to Rule 52.3(k)(l)(A), I certify that every document contained in the appendix is a true and correct copy.

/s/   *Per Hardy*
PER HARDY
Attorney for Relator Arthur Raynes

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Petition for Writ of Mandamus filed on October 1, 2015, has been served on October 1, 2015, to the following:

1. Judge Kelly Cross, Judge of the Probate Court No. 1, Bexar County Court House, 100 Dolorosa, San Antonio, Texas 78205;

2. Cecil Bain, Attorney for Defendant Leah Raynes, The Forum, Suite 600, 8000 IH 10 West, San Antonio, Texas 78230, cecilbain@yahoo.com

3. Defendant Todd Barta, *pro se*, 6307 Handsome Lake Dr., Leon Valley, Texas 78238

4. Defendant Samuel Barta, *pro se*, 6307 Handsome Lake Dr., Leon Valley, Texas 78238

/s/   *Per Hardy*
PER HARDY
Attorney for Relator Arthur Raynes

## CERTIFICATE OF COMPLIANCE

I certify that this document was produced on a computer using WordPerfect X5 and contains 5,233 words, as determined by WordPerfect's word-count function, excluding the sections of the document listed in Texas Rules of Appellate Procedure 9.4(i)(1).

/s/   *Per Hardy*
PER HARDY
Attorney for Relator Arthur Raynes